**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ELIZABETH P MAURICIO et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-00045-E |
| | § | |
| US POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant US Postal Service (USPS)'s Motion to Dismiss, which seeks to dismiss Plaintiffs Elizabeth Mauricio and Yennys Ivette Paloeque (Palomeque)'s[1] claims. (ECF No. 28). Plaintiffs have failed to respond to USPS's Motion to Dismiss at any time. *See* N.D. Tex. Loc. Civ. R. 7.1(e). Upon review of the Motion to Dismiss and docket, the Court concludes the Motion to Dismiss should be GRANTED.

### I.   BACKGROUND

On January 6, 2023, Plaintiffs filed their Complaint, which avers the following:

[] On March 11, 2the 021 [sic], Plaintiffs sustained personal injuries when their motor vehicle was stuck by a motor vehicle # 8425854 owned by U. S. Postal Service.

[] Vehicle # 842584 was operated by an employee of the U.S. Postal Service who was in the discharge of their duties for the U.S. Postal Service.

[] Plaintiffs were traveling southbound on Inwood Road, in Dallas, Dallas County, Texas.

[] The driver of Defendant's vehicle was traveling south on Inwood Road in the same lane and direction of travel as Plaintiffs' vehicle.

---

[1] The Court acknowledges that Plaintiff "Paloeque" appears to have her name misspelled—with the correct spelling appearing to be "Yennys Ivette Palomeque."

[] The Defendant's vehicle collided with the rear of Plaintiff's vehicles, as a result of the Defendant's driver's negligence which is more particularly described below.

[] As a result of the collision, Plaintiffs sustained injuries, and her vehicle was also damaged.

(ECF No. 1 at 1-2). Plaintiffs asserted negligence claims against USPS. (ECF No. 1 at 3-4).

On August 25, 2023, USPS answered. On September 21, 2023, the Court entered a scheduling order, which provided a deadline for completion of discovery for September 3, 2024. (ECF No. 9 at 1; 3).[2] On February 15, 2024, USPS moved to compel discovery from Plaintiffs. (ECF No. 18). Plaintiffs filed no response. On June 24, 2024, the Court granted the motion to compel discovery. (ECF No. 24). On July 18, 2024, USPS filed a motion for show cause hearing as to "why Plaintiffs case should not be dismissed under Rule 41(b) for failure to comply with the Court's order (Doc. 24), failure to prosecute, and failure to comply with the Federal Rules." (ECF No. 25 at 2). This motion for show cause hearing includes the following recitation:

The following facts demonstrate Plaintiffs' failure to prosecute their claims:

• On January 4, 24, and 25, 2024, Defendant objected to Defendant's discovery responses. Plaintiffs did not respond. (Doc. 18 at 11-12.)

• On February 15, 2024, Defendant moved to compel supplemental discovery responses. (Doc. 18.) Plaintiffs did not respond.

• On May 3, 2024, Plaintiffs did not designate any experts on or before their expert designation deadline. (Doc. 9)

• On June 24, 2034, the Court granted Defendant's Motion to Compel and ordered Plaintiff to produce supplemental discovery responses on or before July 1, 2024. (Doc. 24.) Plaintiffs did not produce supplemental responses.

• On July 9, 2024, Defendant emailed Plaintiffs, requesting that Plaintiffs respond to the Court's order and produce the requested information on or before July 12, 2022. (Exhibit 01.) The email was delivered and read by at least four individuals at

---

[2] On August 22, 2024, the Court stayed this discovery deadline.

Plaintiffs' law firm, including Mr. Stone, the attorney of record. (Exhibit 02 (a)-
(d).) Plaintiffs did not respond.

• On July 16, 2024, counsel for Defendant emailed counsel for Plaintiffs regarding
this motion. (Exhibit 3(a).) The email was read by two individuals, including Mr.
Stone, the attorney of record. (Exhibit 03 (b).) Plaintiffs did not respond.

(ECF No. 25 at 3). This motion attaches the corresponding exhibit documents. (ECF No. 25-2).

Plaintiffs filed no response to this motion for show cause hearing at any time.

On August 22, 2024, USPS moved to dismiss this case pursuant to Federal Rule of Civil

Procedure 41(b), which permits involuntary dismissal of claims for failing to "prosecute or to

comply with these rules or a court order." Fed. R. Civ. P. 41(b). Plaintiffs have filed no response

at any time. USPS's Motion to Dismiss is ripe for adjudication.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss with prejudice

an action for want of prosecution by the plaintiff. *Link v. Wabash, R.R.*, 370 U.S. 626, 629-32

(1961); *see, e.g.*, *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987) (discussing the same).

A court may, either *sua sponte* or upon motion by the defendant, dismiss an action with prejudice

for plaintiff's failure to prosecute, comply with the rules of procedure or obey court orders. Such

a dismissal is appropriate where: (i) the failure to prosecute or comply with the rules or orders was

the result of purposeful delay or contumacious[3] conduct and (ii) the record reflects that the district

court employed lesser sanctions before dismissing the action or the district court

expressly determined that lesser sanctions would not prompt diligent prosecution. *See Long v.

Simmons,* 77 F.3d 878, 880 (5th Cir. 1996); *see also Berry v. CIGNA,* 975 F.2d 1188, 1191 (5th

Cir. 1992). Prior to dismissing an action under Rule 41(b), courts should also consider the

---

[3] Merriam Webster defines "contumacious" as "stubbornly disobedient." MERRIAM-WEBSTER DICTIONARY,
https://www.merriam-webster.com/dictionary/contumacious (last accessed Oct. 23, 2024).

following so-called "aggravating factors:" (1) whether the dilatory conduct is attributable to the plaintiff himself, as opposed to his attorney; (2) whether the defendant will suffer actual prejudice; and (3) whether the conduct was intentional. *See Berry,* 975 F.2d at 1191.

Apart from Rule 41(b), federal courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link,* 370 U.S. at 630–31. This authority is necessarily incident to the judicial power granted under Article III of the Constitution and includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders or rules. *See Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995).

### III.    ANALYSIS

#### A.  Whether Plaintiffs Have Engaged in Contumacious Conduct

USPS first asserts that Plaintiffs have demonstrated contumacious conduct by their delays in discovery and failing to comply with the Court's orders regarding the same. (ECF No. 28 at 12-15). USPS argues Plaintiffs have not prosecuted the case since January 2024—not producing discovery, responding to motions, or conferring with Defendant. (ECF No. 28 at 12-15). Plaintiffs have offered no response.

The Fifth Circuit has explained:

> A petitioner's delay meriting a Rule 41(b) dismissal with prejudice "must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Id*. at 791 (internal quotation marks and citation omitted). A party's negligence does not make conduct contumacious; rather, "it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan*, 546 F.3d at 327 (internal quotation marks and citation omitted).

*Haynes v. Turner Bass & Associates*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022); *see, e.g.*, *Breaux v. Aramark Unif. & Career Apparel LLC*, No. 3:21-CV-1718-M-BN, 2022 WL 10177695, at *4 (N.D. Tex. Sept. 15, 2022), *report and recommendation adopted*, No. 3:21-

CV-1718-M-BN, 2022 WL 10207522 (N.D. Tex. Oct. 17, 2022) (discussing the same). Upon review of the docket and uncontested averments, Plaintiffs have engaged in contumacious conduct with regard to discovery responses and orders. Furthermore, Plaintiffs' failure to respond to USPS's motion to compel, (ECF No. 18); motion for order to show cause, (ECF No. 25); and Motion to Dismiss, (ECF No. 28), suggest dilatory conduct attributable—at least—to Plaintiffs' counsel. Upon review of Plaintiffs' responses to discovery, (ECF No. 19-1 at 98-205), it is apparent that Plaintiffs (i) responded to discovery after responses were due[4] and (ii) the majority of discovery responses offer piecemeal, incomplete sentences; general averments of "[s]ee attached" without referencing page, exhibit, or bates number; "[p]laintiff will supplement;" or generic objections or averments that "we are in early stages of discovery." (*See, e.g.*, ECF No. 19-1 at 131, 132, 141, 142, 146). Such responses show dilatory, intentional conduct attributable to both Plaintiff's counsel and Plaintiffs. *See Perez v. Meridian Sec. Ins. Co.*, No. 7:21-CV-00487, 2022 WL 20717391, at *2 (S.D. Tex. Nov. 10, 2022) ("clients are bound by the action (or inaction) of their attorneys.");[5] *see generally Berry,* 975 F.2d at 1191. Taken together with (i) USPS's uncontested averment that Plaintiffs have not provided discovery since January 2024 and (ii)

---

[4] Regarding interrogatories, Federal Rule of Civil Procedure 33(b)(2) states that a "responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Regarding requests for production, Federal Rule of Civil Procedure 34(b)(2)(A) states that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The record shows USPS advised Plaintiffs of their untimely responses to such discovery. (ECF No. 19-1 at 210).

[5] *Perez* includes the following footnote, collecting cases:

> *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'").

*Perez v. Meridian Sec. Ins. Co.*, No. 7:21-CV-00487, 2022 WL 20717391, at *2 n.31 (S.D. Tex. Nov. 10, 2022).

---

Plaintiffs complete failure to respond to USPS's various motions, the Court must conclude that Plaintiffs have engaged in conduct that shows a "blatant disregard for the Court's deadlines and discovery management." *See Perez*, 2022 WL 20717391, at *2 (discussing a defendant's various violations of discovery and consequently striking defendant's answer).

For those reasons, the Court concludes Plaintiffs have failed to prosecute or comply with the Court's orders as a result of contumacious conduct. *See Long,* 77 F.3d at 880; *see also Berry,* 975 F.2d at 1191. USPS has met the first requirement for dismissal under Federal Rule of Civil Procedure 41(b).

### B. Whether Lesser Sanctions Would Not Prompt Diligent Prosecution

USPS next argues that lesser sanctions would not be effective. (ECF No. 28 at 15-17). As discussed hereabove, this case's procedural history shows Plaintiffs have consistently failed to follow the deadlines found in Federal Rules of Civil Procedure and the Court's orders. Plaintiffs have further failed to respond to any motion in this case. Plaintiffs have not sought leave of court at any time. Consequently, the Court determines that lesser sanctions would not prompt diligent prosecution of Plaintiffs' claims. *See Long,* 77 F.3d at 880; *see also Berry,* 975 F.2d at 1191. USPS has met the second requirement for dismissal under Federal Rule of Civil Procedure 41(b). Having shown both requirements for dismissal, the Court GRANTS USPS's Motion to Dismiss under Federal Rule of Civil Procedure 41(b).

### C. Whether Plaintiffs' Failure to Respond to the Motion to Dismiss Merits an Independent Basis for Dismissal

Northern District of Texas Local Rule 7.1(e) instructs that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. Loc. Civ. R. 7.1(e). A party who fails to pursue a claim beyond its initial pleading may waive or abandon the claim. *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff]

---

further failed to defend her retaliatory abandonment claim in both responses to the defendant's motion to dismiss."). Thus, a party's failure to defend a claim in her response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black*, 461 F.3d at 588 n.1); *see, e.g.*, *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

Here, Plaintiffs failed to respond to USPS's Motion to Dismiss at any time; more than 21 days have passed since the date USPS's motion to dismiss was filed. *See* N.D. Tex. Loc. Civ. R. 7.1(e). Plaintiffs have filed no motion for leave or any other filing relating to, objection to, or responding to USPS's Motion to Dismiss. Because Plaintiffs wholly failed to respond to the challenge to their claims, Plaintiffs have abandoned those claims. *See Black*, 461 F.3d at 588 n.1; *Matter of Dallas Roadster, Ltd.*, 846 F.3d at 126; *Vela*, 276 F.3d at 678-79.[6] Consequently and as an exercise of the Court's inherent powers of docket control, the Court GRANTS USPS's Motion to Dismiss.

(*This space left blank intentionally*).

---

[6] *See also, e.g.*, *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)) (citations omitted); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

## IV.    CONCLUSION

For the reasons enumerated above, Plaintiffs claims are DISMISSED without prejudice.

The Court shall follow with a final judgment. *See* Fed. R. Civ. P. 54; Fed. R. Civ. P. 58.

**SO ORDERED.**

24th day of October, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE